UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN L. LANE,<br><br>             Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | NO. C15-905-RSL<br><br>REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 22. Specifically, Plaintiff requests attorney's fees in the amount of $4,623.80. *Id.* For the reasons explained below, the Court recommends that Plaintiff's motion (Dkt. 22) be GRANTED IN PART and DENIED IN PART.

DISCUSSION

EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

REPORT AND RECOMMENDATION - 1

28 U.S.C. § 2412(d)(1)(A).  The Court may properly exclude hours not reasonably expended from an EAJA fee award.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1982).  The reasonableness of a fee request is evaluated in light of, *inter alia*, the novelty and difficulty of the questions.  *Hensley*, 461 U.S. at 430 n.3.  Clerical tasks should not be billed at an attorney's hourly rate.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989).

In this case, the Commissioner does not dispute that Plaintiff was the prevailing party in this action, but does dispute whether all of Plaintiff's requested fees were reasonably expended.  Specifically, the Commissioner challenges Plaintiff's request for 1.1 hours of attorney billing time for the clerical tasks of "discuss appeal and gather [*in forma pauperis* application] information," "prep filing docs," and "Download Record."  *See* Dkt. 22-1.  Plaintiff did not file a reply to explain why those tasks are not clerical or should be otherwise included in a fee award.

The Commissioner also notes that Plaintiff requests seven hours of attorney billing time for drafting a six-page reply brief that is, for the most part, cut and pasted from the 19-page opening brief.  *Compare* Dkt. 14 *with* Dkt. 16.  Plaintiff billed 10 hours for the opening brief.  The Commissioner argues that Plaintiff's fee award should be reduced by five hours to two hours total allocated for drafting the reply brief, and the Court finds that this amount is reasonable in light of the limited original content.  The Court also notes that Plaintiff has not filed a reply to explain why the Commissioner's requested reduction would not be warranted, or to otherwise explain why seven hours of billing time is appropriate.

## CONCLUSION

Because Plaintiff bears the burden of demonstrating his entitlement to fees, and has provided no argument as to why the Commissioner's persuasive arguments regarding

REPORT AND RECOMMENDATION - 2

reductions should not be credited, the Court recommends that Plaintiff's motion (Dkt. 22) be GRANTED IN PART and DENIED IN PART. Plaintiff should be awarded 18.20 hours of attorney fees under EAJA, for a total of $3,463.10.[1]

Payment of the award, after offset of qualifying federal debt under the Treasury Offset Program as described in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), shall be made payable to Matthew Russell, and shall be mailed to Russell & Hill, PLLC, 3811-A Broadway, Everett, WA 98201.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 27, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 1, 2016**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 13th day of June, 2016.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

---

[1] Although the Commissioner indicated (Dkt. 24 at 5) that 18.2 hours of attorney time at $190.28 per hour would total $3,463.96, the actual total is $3,463.096, which is rounded to $3,463.10.

REPORT AND RECOMMENDATION - 3